FILED
2010 Dec-22 PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## Case Action Summary - 01DV201000281700

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/16/2010 | 12:00:00 | ---- | SCANNED - SUMMONS AND COMPLAINT - ROTH RICHARD | |
| 11/18/2010 | 10:26:54 | FILE | FILED THIS DATE: 11/16/2010 (AV01) | CRH |
| 11/18/2010 | 10:26:55 | EORD | E-ORDER FLAG SET TO "N" (AV01) | CRH |
| 11/18/2010 | 10:26:56 | ASSJ | ASSIGNED TO JUDGE: JOHN E AMARI (AV01) | CRH |
| 11/18/2010 | 10:26:57 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | CRH |
| 11/18/2010 | 10:26:58 | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | CRH |
| 11/18/2010 | 10:26:59 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | CRH |
| 11/18/2010 | 10:27:00 | ORIG | ORIGIN: INITIAL FILING (AV01) | CRH |
| 11/18/2010 | 10:27:01 | DAT1 | SET FOR: DISMISSAL DOCKET ON 08/18/2011 AT 0100P | CRH |
| 11/18/2010 | 10:27:12 | C001 | C001 PARTY ADDED: ROTH RICHARD (AV02) | CRH |
| 11/18/2010 | 10:27:13 | EORD | C001 E-ORDER FLAG SET TO "N" (AV02) | CRH |
| 11/18/2010 | 10:51:13 | EORD | D001 E-ORDER FLAG SET TO "N" (AV02) | CRH |
| 11/18/2010 | 10:51:14 | D001 | D001 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS I | CRH |
| 11/18/2010 | 10:51:15 | SUMM | CERTIFIED MAI ISSUED: 11/18/2010 TO D001 (AV02) | CRH |
| 11/18/2010 | 10:51:16 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | CRH |
| 11/18/2010 | 10:51:50 | D002 | D002 PARTY ADDED: EQUIFAX INC (AV02) | CRH |
| 11/18/2010 | 10:51:51 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | CRH |
| 11/18/2010 | 10:51:52 | SUMM | CERTIFIED MAI ISSUED: 11/18/2010 TO D002 (AV02) | CRH |
| 11/18/2010 | 10:51:53 | EORD | D002 E-ORDER FLAG SET TO "N" (AV02) | CRH |
| 11/22/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - D001 | |
| 11/22/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - D002 | |
| 11/29/2010 | 9:49:49 | ATTY | LISTED AS ATTORNEY FOR C001: THOMASON JAMES WILLI | CRH |
| 11/29/2010 | 4:44:04 | SERC | SERVICE OF CERTIFIED MAI ON 11/22/2010 FOR D001 | SHM |
| 12/06/2010 | 9:42:14 | SERC | SERVICE OF CERTIFIED MAI ON 11/22/2010 FOR D002 | SHM |
| 12/10/2010 | 11:14:32 | EANSW | D001 - COMPLAINT DENIED E-FILED. | YOU035 |
| 12/10/2010 | 11:14:50 | EANSW | ANSWER - TRANSMITTAL | YOU035 |
| 12/10/2010 | 11:16:02 | ATTY | LISTED AS ATTORNEY FOR D001: YOUNG LEILUS JACKSON | AJA |
| 12/10/2010 | 11:16:03 | ANSW | ANSWER OF COMP DENIED ON 12/10/2010 FOR D001(AV02) | AJA |



428-0702
TH0006

IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA

RICHARD ROTH,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX, INC.,

Defendants.

Case No. DV2010 2817

SUMMONS

TO: Anne-Marie Adams, District Clerk
Jefferson County Courthouse
716 Richard Arrington Jr. Blvd.
Birmingham, AL 35203

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant Experian Information Solutions, Inc. via certified mail, c/o CT Corporation System, Registered Agent 2 North Jackson Street, Suite 605 Montgomery, AL 36104.

NOTICE TO DEFENDANT

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written ANSWER, either admitting or denying each allegation in the complaint, to Bill **Thomason,** the lawyer for the Plaintiff, whose address is **1710 2nd Avenue North Bessemer, AL 35020. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN FOURTEEN (14) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Anne-Marie Adams
Clerk of Court

Dated:

FILED IN OFFICE
NOV 1 6 2010
ANNE-MARIE ADAMS
CLERK

IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA

RICHARD ROTH,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX, INC.,

Defendants.

Case No. DV2010 2817

SUMMONS

TO: Anne-Marie Adams, District Clerk
Jefferson County Courthouse
716 Richard Arrington Jr. Blvd.
Birmingham, AL 35203

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant Equifax, Inc. via certified mail, c/o Prentice Hall Corporation System, Inc. 150 South Perry Street Montgomery, AL 36104.

NOTICE TO DEFENDANT

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written **ANSWER**, either admitting or denying each allegation in the complaint, to **Bill Thomason**, the lawyer for the Plaintiff, whose address is **1710 2nd Avenue North Bessemer, AL 35020. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN FOURTEEN (14) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

FILED IN OFFICE

Dated: NOV 16 2010

ANNE-MARIE ADAMS
CLERK

Anne-Marie Adams
Clerk of Court

IN THE DISTRICT COURT FOR JEFFERSON COUNTY ALABAMA

| | | |
|---|---|---|
| RICHARD ROTH, | ) | |
| | ) | DV2010 2817 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER |
| | ) | DV-2010-________ |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. and | ) | FILED IN OFFICE |
| EQUIFAX, INC., | ) | |
| | ) | NOV 18 2010 |
| Defendants. | ) | ANNE-MARIE ADAMS CLERK |

**COMPLAINT**

The Plaintiff, in his claim for damages against Defendants, states:

**ALLEGATION OF FACT**

PARTIES:

1. The Plaintiff is a natural person and a resident of Jefferson County, Alabama.

2. The Defendant Experian Information Solutions, Inc. ("Experian") is a corporation, organized under the laws of the State of Ohio, with its principal place of business in the State of California.

3. The Defendant Equifax, Inc. ("Equifax") is a corporation, organized under the laws of Georgia with its principal place of business in the State of Georgia.

4. The Defendants are credit reporting agencies as that term is used and understood under the laws of the United States.

FACTS SUPPORTING CLAIMS:

5. Plaintiff, on 17 May 2005, purchased a BMW Automobile from an authorized BMW Dealer and financed the transaction through BMW Financial Services. A dispute arose between the parties to that transaction regarding the sale and

warranties on the vehicle. Plaintiff filed *Richard Roth vs. BMW of North America, LLC, et al*, Civil Action Number CV2007-902925, in the Circuit Court for Jefferson County. BMW Financial Services was named in the body of the complaint and it filed an answer. It did not file a counter-claim; which requirement the Plaintiff contends was compulsory under the Alabama Rules of Civil Procedure. The trial judge dismissed it with prejudice on the 7th day of July 2009. Plaintiff avers that this dismissal adjudicated all claims and the un-asserted compulsory counterclaim.

6.    Plaintiff avers that Defendants and an entity who is doing business as "TransUnion" hold a virtual monopoly in the credit reporting industry. Credit reports are obtained by businesses for many purposes, including the investigation of people who apply for employment and those investigating insurance risk. A persons general standing is affected by an adverse credit report.

7.    All three of the monopolistic reporting agencies received reports that Plaintiff was in default on an obligation to BMW Financial. All three issued credit reports that showed this adverse credit information. All three were advised, in writing, that Plaintiff denied being in default and that BMW Financial had failed to assert a compulsory counter-claim in an action that was dismissed with prejudice. Plaintiff's legal contentions were argued to all. TransUnion removed the adverse information that was reported to it by BMW Financial; but, Experian and Equifax refused to do so. Experian and Equifax are reporting the adverse information without showing that the debt is disputed.

8.    Plaintiff avers that Experian and Equifax:

a.    Are obligated to him for statutory damages under the Fair Debt Collection Practices Act; and/or for payment of actual damages suffered by him because Experian and Equifax have breached their duty to him to use reasonable care in the reporting of information and they have negligently, wantonly or intentionally reported false information.

b.    Are obligated to him for invasion of privacy by maintaining records that place him in a false and misleading light in the public eye.

9.    Plaintiff, as a proximate consequence of said wrongful conduct, has been caused to suffer injuries and damages as follows: he has been caused to incur expenses in employing a lawyer to deal with Experian and Equifax; he has been caused to suffer mental anguish; he will, in the future, be caused to suffer mental anguish. Plaintiff claims punitive damages. Plaintiff claims reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants for the jurisdictional limits of this Court.

Bill Thomason
Attorney for Plaintiff

NOTE TO CLERK OF COURT:

Please serve Defendants by certified mail as follows:

Experian Information Solutions, Inc.
c/o CT Corporation System, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Equifax, Inc.
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

U.S. Postal Service
CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0520 0016 4588 4107

| | |
|---|---|
| Postage | $ .61 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.71 |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Equifax Inc. c/o Prentice Hall Corp.
Street, Apt. No.; or PO Box No.
150 South Perry Street
City, State, ZIP+4
Montgomery, AL 36104

PS Form 3800, February 2000 See Reverse for Instructions



U.S. Postal Service
CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0520 0016 4588 4114

| | |
|---|---|
| Postage | $ .61 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.71 |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Experian Info. Sol. c/o CT Corp.
Street, Apt. No.; or PO Box No.
2 North Jackson St. Ste. 605
City, State, ZIP+4
Montgomery AL 36104

PS Form 3800, February 2000 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Info. Solutions
c/o CT Corp. System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature Laura Pagis ☐ Agent ☐ Addressee

B. Received by (Printed Name) Laura Pagis

C. Date of Delivery 11/22/10

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

DV 2010 2817 D1

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 0520 0016 4588 4114

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE
23 NOV 2010 PM 2 L
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10
• Sender: Please print your name, address, and ZIP+4 in this box •
Anne-Marie Adams, District Clerk
Jefferson County Courthouse
716 Richard Arrington Jr. Blvd
Birmingham, AL 35203
FILED IN OFFICE
NOV 24 2010
ANNE-MARIE ADAMS
CLERK



SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax, Inc.
c/o Prentice Hall Corp.
150 South Perry Street
Montgomery, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) James S. Bellamy
C. Date of Delivery NOV 22 2010

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

DV 10 2817 D

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7000 0520 0016 4588 4107

PS Form **3811**, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

NOV 2010 PM

• Sender: Please print your name, address, and ZIP+4 in this box •

Anne-Marie Adams, District Clerk
Jefferson County Courthouse
716 Richard Arrington Jr. Blvd.
Birmingham, AL 35203

FILED IN OFFICE
NOV 23 2010
ANNE-MARIE ADAMS
CLERK





ELECTRONICALLY FILED
12/10/2010 11:14 AM
DV-2010-002817.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **RICHARD ROTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. DV2010 2817** |
| **vs.** | ) | |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

**NOW COMES** Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

**ALLEGATION OF FACT**

**PARTIES:**

1. In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2. In response to paragraph 2 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint that relates to Experian. As to the allegations in paragraph 4 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

**FACTS SUPPORTING CLAIMS:**

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian states that this paragraph calls for speculation and, accordingly, does not require a response from Experian. To the extent that a denial or admission is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, on that basis, denies generally and specifically, each and every allegation therein.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including all subparts, that relates to

Experian.  As to the allegations in paragraph 8 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint, including all subparts.

9.      In response to paragraph 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint and each claim for relief therein is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**NINTH AFFIRMATIVE DEFENSE**

Experian is informed and believes and thereon alleges that all or some claims for relief in the Complaint are barred by the applicable statutes of limitation, including, but not limited to, 15 U.S.C. § 1681p.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff is barred, in whole or in part, under the principles of set-off and recoupment for damages or settlement amounts recovered from others.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Experian did not act with malice or willful intent toward Plaintiff but rather acted in good faith at all times in its dealings with him.

**FOURTEENTH AFFIRMATIVE DEFENSE**

In the event that a settlement is reached between Plaintiff and any other party, Experian is entitled to any settlement credits permitted by law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are preempted to the extent they are inconsistent with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Experian's conduct is governed by the Fair Credit Reporting Act and Experian acted at all times in compliance with the Fair Credit Reporting Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the privileges and immunity afforded Experian by the FCRA and by common law, including but not limited to qualified privilege and immunity, conditional privilege and immunity, and/or absolute privilege and immunity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution, and violate the Constitution and laws of Alabama.

## EIGHTEENTH AFFIRMATIVE DEFENSE

An assessment of punitive damages in this action is unconstitutional as to Experian and as applied to the acts and circumstances in this case in that:

(a)     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

(b)     It operates to deny to Experian a fair opportunity to have the jury assess damages based on Experian's alleged culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

(c)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Experian of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

(d)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Experian of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

(e)     An award of punitive damages in this case against Experian would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

(f)     Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Experian to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

(g)     Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Experian is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

(h)     Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

(i)     Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

(j)     Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

(k)     Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are

penal in nature, requiring a burden of proof on Plaintiff which is less than the "reasonable doubt" standards applicable in a criminal case.

(l) Punitive damage awards in Alabama are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

(m) The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

(n) Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth, and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

(o) Plaintiff's claims for punitive damages are barred or limited by the provisions of Code of Alabama § 6-11-20, et seq. (1975) or any other applicable statutory provision.

**NINETEENTH AFFIRMATIVE DEFENSE**

Experian adopts and incorporates herein any affirmative defenses asserted by any other defendant to this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action
be dismissed in its entirety;

(2)     For Experian's costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: December 10, 2010                    Respectfully submitted,


                                            /s/ L. Jackson Young, Jr.
                                            L. Jackson Young, Jr. (ASB-7946-G65L)
                                            FERGUSON FROST & DODSON, LLP
                                            2500 Acton Road, Suite 200
                                            Birmingham, Alabama  35243
                                            ljy@ffdlaw.com
                                            Telephone:  (205) 879-8722
                                            Facsimile:  (205) 879-8831
                                            *Attorney for Defendant*
                                            *Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of December, 2010, I caused the foregoing to

be served via U.S. Mail with appropriate postage attached thereto to counsel of record.

**SERVICE LIST**

J. William Thomason
1710 2nd Avenue North
Bessemer, AL 35020
Telephone: (205) 428-0702
Facsimile: (205) 428-7890
*Attorney for Plaintiff*

Equifax, Inc.
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104
*Equifax, Inc.*

/s/ L. Jackson Young, Jr.
Of Counsel



**AlaFile E-Notice**

**01-DV-2010-002817.00**

To: LEILUS JACKSON YOUNG JR.
ljy@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

**RICHARD ROTH VS EXPERIAN INFORMATION SOLUTIONS INC ET AL**
**01-DV-2010-002817.00**

The following answer was FILED on 12/10/2010 11:14:32 AM

Notice Date: 12/10/2010 11:14:32 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5331
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-DV-2010-002817.00**

To: EXPERIAN INFORMATION SOLUTIONS INC (PRO SE)
% CT CORPORATION SYSTEMS
2 NORTH JACKSON ST ST 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

**RICHARD ROTH VS EXPERIAN INFORMATION SOLUTIONS INC ET AL**
**01-DV-2010-002817.00**

The following answer was FILED on 12/10/2010 11:14:32 AM

Notice Date: 12/10/2010 11:14:32 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5331
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-DV-2010-002817.00**

To: EQUIFAX INC (PRO SE)
% PRENTICE HALL CORP SYST
150 S PERRY ST
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

**RICHARD ROTH VS EXPERIAN INFORMATION SOLUTIONS INC ET AL**
**01-DV-2010-002817.00**

The following answer was FILED on 12/10/2010 11:14:32 AM

Notice Date: 12/10/2010 11:14:32 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5331
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

**01-DV-2010-002817.00**

To: THOMASON JAMES WILLIAM
billthomason@t-mlaw.net

# NOTICE OF ELECTRONIC FILING

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

**RICHARD ROTH VS EXPERIAN INFORMATION SOLUTIONS INC ET AL**
**01-DV-2010-002817.00**

The following answer was FILED on 12/10/2010 11:14:32 AM

Notice Date: 12/10/2010 11:14:32 AM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5331
anne-marie.adams@alacourt.gov